UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT EARL MCCLEES, SR.,<br><br>Appellant,<br><br>v.<br><br>EDEN EQUITIES, LLC,<br><br>Appellee. | Civil Action No. 23-3634 (RK)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon the July 6, 2023 notice of appeal from the Bankruptcy Court filed by Appellant Robert Earl McClees, Sr. (ECF No. 1.) Appellant appeals from the Bankruptcy Court's June 21, 2023 Order Denying Debtor's Motion for Reconsideration of the Court's Denial of his Motion to Vacate Dismissal of Case. (*Id.*; Bkr. Case No. 22-18444, ECF Nos. 51, 52.)[1]

After initiating his appeal, Appellant did not file a designation of record within fourteen days as required by Federal Rule of Bankruptcy Procedure 8009. On August 2, 2023, the Deputy Clerk of the Bankruptcy Court filed a "Certification of Failure to File Designation of Record." (ECF No. 5; Bkr. Case No. 22-18444, ECF No. 63.) The Certification notified Appellant that he had failed to file a designation of record on appeal or timely requested an extension to file same. (*Id.*) On March 4, 2024, the Court issued an Order to Show Cause, instructing Appellant to explain

---

[1] The Court notes that two appeals of the same underlying Bankruptcy Court decision are pending before the Undersigned. On April 28, 2023, the Bankruptcy Court issued an Order Denying Motion to Vacate Dismissal of Case. (Bkr. Case No. 22-18444, ECF No. 42.) Appellant simultaneously filed an appeal of that decision, (Bkr. Case No. 22-18444, ECF No. 49; Civil Case No. 23-3380), as well as a Motion for Reconsideration to the Bankruptcy Court, (Bkr. Case No. 22-18444, ECF No. 45). After the Bankruptcy Court denied Appellant's Motion for Reconsideration, (Bkr. Case No. 22-18444, ECF No. 52), Appellant appealed that decision as well, (Bkr. Case No. 22-18444, ECF No. 59; 23-3634). Both appeals are pending before the Undersigned. (Civil Action Nos. 23-3380, 23-3634.)

in writing why this appeal should not be dismissed for failure to file a designation of record and statement of issues in accordance with Rule 8009. (ECF No. 5.)

Appellant has failed to take any action to file the designation of record or otherwise prosecute his appeal after filing his original Notice of Appeal. Moreover, Appellant failed to respond to the Bankruptcy Court Clerk's Certification of Failure to File Designation of Record or this Court's Order to Show Cause.

Federal Rule of Bankruptcy Procedure 8003 permits a district court to dismiss an appeal if an appellant fails to "take any step" required by the Rules. Fed. R. Bankr. P. 8003(a)(2). "As a general matter, district courts are permitted to dismiss bankruptcy appeals when appellants fail to comply with Rule 8009(a)(1)." *In re Lawson*, 774 F. App'x 58, 59 (3d Cir. 2019). However, before dismissing the appeal for failure to file a designation of record or statement of issues on appeal, the Court must apply the six *Poulis* factors to determine whether dismissal of his appeal, rather than "some lesser sanction, [is] appropriate." *Id.* at 60 (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). In *Poulis*, the Third Circuit outlined the following factors that should be considered prior to dismissing a case: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Knaak v. Balboa*, No. 20-7062, 2020 WL 5424157, at *1 (D.N.J. Sept. 10, 2020) (discussing *Poulis*, 747 F.2d at 868).

This Court finds that Appellant's failure to comply with Rule 8009 and failure to respond to this Court's Order to Show Cause demonstrates that no lesser sanction than dismissal is

appropriate here. *First*, *pro se* Appellant, by failing to file the designation of record or otherwise prosecute his appeal despite repeated prompting, is personally responsible for his inaction. *Second*, Appellee is prejudiced by a civil action pending against it that Appellant fails to prosecute. *Third*, while the Court will not review the Bankruptcy Court record for Appellant's litigation history, it notes that other than filing his notice of appeal on July 6, 2023, Appellant has failed to contact the Court or otherwise appear in this action. *Fourth*, Appellant's inaction appears intentional, as Appellant filed the instant appear and was served with copies of the Bankruptcy Court Clerk's Certification of Failure to File Designation of Record and this Court's Order to Show Cause; the Court has no reason to believe Appellant did not receive same. *Fifth*, no sanction other than dismissal would be effective based on Appellant's failure to prosecute the appeal in the face of repeated prompting. *Sixth*, without Appellant complying with Rule 8009, the Court cannot assess the merit of Appellant's appeal. As a result, this Court finds that the *Poulis* factors weigh in favor of dismissing Appellant's bankruptcy appeal.

**IT IS** on this 20th day of March, 2024,

**ORDERED** that this appeal is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this matter; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this order to Appellant's address on record.

---
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**